FILE #: 15907
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 22 2008 ★
BROOKLYN OFFICE

---------------------------------------------------------------X
PHILLIP SCHERER

                Plaintiff(s),

-against-

TRUMP ENTERTAINMENT RESORTS, INC., d/b/a TAJ MAHAL CASINO RESORT,

                Defendant(s),
---------------------------------------------------------------X

TRIAL BY JURY DEMANDED

08 4301

<u>VERIFIED COMPLAINT</u>

Index No.:

**GO, M.J.**

Plaintiff, complaining of the defendants by attorney upon information and belief, respectfully allege(s):

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF PHILLIP SCHERER

1. That at all the times herein mentioned, the plaintiff PHILLIP SCHERER was and still is a domiciliary of the State of New York residing at 1327 84TH Street, Brooklyn, New York. (Kings County).

2. That the amount in controversy in this action exceeds ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

3. That at all the times herein mentioned, the defendant TRUMP ENTERTAINMENT RESORTS, INC., d/b/a TAJ MAHAL CASINO RESORT hereinafter referred to as "TRUMP", was and still is a corporation doing business in the State of New York.

4. That at all the times herein mentioned, the defendant TRUMP ENTERTAINMENT RESORTS, INC., was doing business as TAJ MAHAL CASINO RESORT.

5. That at all the times herein mentioned, the defendant TRUMP ENTERTAINMENT

RESORTS, INC., d/b/a TAJ MAHAL CASINO RESORT, was a partnership duly organized and existing under the laws of the State of New York.

6. That at all the times herein mentioned, the defendant TRUMP ENTERTAINMENT RESORTS, INC., d/b/a TAJ MAHAL CASINO RESORT, was a partnership transacting business in New York.

7. That at all the times herein mentioned, the defendant TRUMP, was the owner of the premises located at Taj Mahal Casino, Atlantic City, NJ.

8. That at all the times herein mentioned, the defendant TRUMP, its agents, servants and/or employees operated the aforementioned premises.

9. That at all the times herein mentioned, the defendant TRUMP, its agents, servants and/or employees maintained the aforementioned premises.

10. That at all the times herein mentioned, the defendant TRUMP, its agents, servants and/or employees managed the aforementioned premises.

11. That at all the times herein mentioned, the defendant TRUMP, its agents, servants and/or employees controlled the aforementioned premises.

12. That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said premises in a reasonable state of repair and in a good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

13. That at all the times herein mentioned, the plaintiff was lawfully upon the aforesaid premises.

14. That on or about 10/28/2006, while plaintiff PHILLIP SCHERER was lawfully in the aforementioned premises plaintiff was caused to be injured by reason of the willful, wanton and gross negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

15. That the said incident and resulting injuries to the plaintiff were caused through no fault of his/her own but were solely and wholly by reason of the negligence, willful, wanton

and gross negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said premises, particularly a chair to be, become and remain in a dangerous, defective and/or structurally defective, hazardous, unsafe, broken, cracked, uneven, holey, chipped, peeling, loose condition; and was negligently and/or improperly maintained, and same was otherwise so dangerous, hazardous, and/or unsuitable for use by persons lawfully upon the premises constituting a nuisance and a trap, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time; in allowing and permitting said chair to become defective and/or structurally defective, hazardous, unsafe, broken, cracked, in failing to apprise and/or warn the public and in particular the plaintiff, of the aforementioned conditions; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, defective and/or unsafe condition so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and in failing to comply with the statutes, ordinances, rules and regulations made and provided for the safe and proper operation of said premises.

16. That this action falls within one or more of the exceptions set forth in CPLR 1602.

17. Both actual and constructive notice are claimed. Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

18. That by reason of the foregoing, plaintiff PHILLIP SCHERER was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this

Court.

WHEREFORE, the plaintiff(s) demands judgment against the defendants on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, together with the costs and disbursements of each cause of action.

Yours, etc.

GENE L. CHERTOCK, ESQ. (7083 GLC)
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
291 Broadway
New York, New York 10007

STATE OF NEW YORK)
COUNTY OF KINGS  )

The undersigned, affirms that the following statements are true under the penalties of perjury.

That deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

*This and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)*

**PHILLIP SCHERER**

Sworn to this 17th day of October 2008

Notary Public